UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY MURPHY, et al., : CIVIL ACTION
:
        Plaintiffs, : No. 06-595
:
  v. :
:
THE A.I. DUPONT HOSPITAL FOR :
CHILDREN OF THE NEMOURS :
FOUNDATION, et al., :
:
        Defendants. :

MEMORANDUM/ORDER

March 30, 2007

      Before the court is defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) ("the motion to dismiss," Docket No. 5), as well as plaintiffs' opposition thereto (Docket No. 9) and defendants' reply (Docket No. 10). Defendants request the following relief:

1.    Dismissal of Count I of the complaint for failure to state a claim for fraud or civil conspiracy, or, alternatively, dismissal of the fraud claims of Count I for failure to plead those claims with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure;

2.    Dismissal of Count IV of the complaint for failure to state a claim for negligent infliction of emotional distress under Delaware law[1];

---

[1] The parties agree that, under Pennsylvania choice-of-law rules, "Delaware law should apply to the wrongful death and survival claims, negligent infliction of emotional distress, and

3. Dismissal of Count VI of the complaint for failure to state a claim under the Rehabilitation Act;

4. Dismissal of Count V of the complaint for failure to state a claim for a lack of informed consent;

5. Dismissal of plaintiffs' claims for punitive damages;

6. Dismissal of the entire complaint for failure to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure requiring a "short and plain statement of the claim";

7. Striking of certain allegations in the complaint as "scandalous and impertinent," *see* Fed. R. Civ. P. 12(f); and

8. Dismissal of defendants Dr. Raphaely, Dr. Davis, and Dr. Spurrier.

On this motion to dismiss, the court must accept the well-pleaded factual allegations of the complaint as true, and draw all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Ctr., Inc. v. Armstrong County Mem'l Hosp.*, 185 F.3d 154, 155 (3d Cir. 1999). Although several of plaintiffs' claims are tenuous—in particular, the claims for negligent infliction of emotional distress, fraud, and conspiracy—the court cannot say, in the context of a motion to dismiss, that "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [the]m to relief."[2] *In re Tower Air, Inc.*, 416 F.3d 229, 239 (3d Cir.

---

the informed consent claims," while, "[d]ue to the similarity between Pennsylvania and Delaware law on fraudulent concealment, fraudulent misrepresentation, conspiracy and punitive damages, Pennsylvania law should apply to these claims." Pls.' Response to Defs.' Mot. to Dismiss 2.

[2] Should discovery fail to provide support for the challenged claims, defendants remain free, of course, to move for summary judgment at a later date.

2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Therefore, the bulk of defendants' motion seeking dismissal pursuant to Rule 12(b)(6) will be denied.

However, as to plaintiffs' claim for lack of informed consent (Count V of the complaint), I find that there is no set of facts under which plaintiffs' claim would entitle them to relief against Drs. Raphaely, Spurrier and Davis—the anesthesiologists involved in Caroline Murphy's surgeries. Under Delaware statutory law, lack of informed consent requires that a health care provider failed to "supply information regarding such treatment, procedure, or surgery to the extent customarily given . . . by other licensed health care providers in the same or similar field of medicine as the defendant."[3] In this case, plaintiffs' allegations of lack of informed consent concern information about the surgical procedures performed by Drs. Norwood and Pizarro. Drs. Raphaely, Spurrier and Davis are alleged only to have administered anesthesia during the procedures. Plaintiffs do not allege any failure to secure informed consent for the administration of anesthesia. Therefore, the informed consent claims against Drs. Raphaely, Spurrier and Davis will be dismissed.

I also find, for the reasons set forth in this my Opinion of March 30, 2007 granting

---

[3] The full text of the relevant provision reads: "No recovery of damages based upon a lack of informed consent shall be allowed in any action for medical negligence unless: (1) The injury alleged involved a nonemergency treatment, procedure or surgery; and (2) The injured party proved by a preponderance of evidence that the health care provider did not supply information regarding such treatment, procedure or surgery to the extent customarily given to patients, or other persons authorized to give consent for patients by other licensed health care providers in the same or similar field of medicine as the defendant." 18 Del. C. § 6852(a).

the institutional defendants' motion for partial summary judgment in *Watson v. A.I. DuPont Hospital for Children* (Civ. No. 05-674), that plaintiffs have not stated a claim under the Rehabilitation Act. Although *Watson* presented the issue in the context of a summary judgment issue, the motion was not granted because of a lack of any genuine factual dispute, but because plaintiffs' legal theory could not justify relief on any facts. Therefore, because I find the same analysis applies in this case, dismissal for failure to state a claim upon which relief can be granted is appropriate.

As for defendants' objections to the form of plaintiffs' complaint, I find that the complaint is neither too prolix, in violation of Rule 8(a)(2), nor too brief, in contravention of Rule 9(b)'s requirement that allegations of fraud "shall be stated with particularity." Although the complaint is somewhat long, in large part this reflects the number of claims and defendants involved, as well as plaintiffs' requirement—as noted by defendants—to plead the allegations of fraud in some detail.

Moreover, I find that the language objected to by the defendants as "scandalous and impertinent" is not subject to being stricken under Rule 12(f). The assertions objected to are (1) that Dr. Norwood was "impaired," and (2) that defendants ordered that information be omitted from medical charts "to prevent plaintiffs from discovering" problems with their children's medical care. Defendants claim that these assertions bear "no relation to the controversy" or are "clearly prejudicial." Def.'s Mem. Supp. Mot. to Dismiss 23–24. To the contrary, the language cited goes directly to the elements of

plaintiffs' causes of action (e.g., negligent supervision, conspiracy, fraud). While plaintiffs may later be required to back these assertions up with "specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e), at this point there are no grounds for striking the assertions.

## ORDER

For the reasons stated above, it is hereby **ORDERED** that:

1. Defendants' motion to dismiss Count VI of the complaint, alleging violations of the Rehabilitation Act of 1973, is **GRANTED**;

2. Defendants' motion to dismiss Count V of the complaint, alleging failure to obtain informed consent for a medical procedure, as to Drs. Raphaely, Spurrier and Davis, is **GRANTED**;

3. Count VI of the complaint, and Count V of the complaint against defendants Drs. Raphaely, Spurrier and Davis, are **DISMISSED**; and

4. The balance of defendants' motion is **DENIED**.

FOR THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.